UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 8:24-cr-18-WFJ-NHA |
| Plaintiff, | |
| v. | |
| PEDRO JESUS SUAREZ-AGUILAR, | |
| Defendant. | |

**DEFENDANT'S OBJECTIONS TO THE
REPORT AND RECOMMENDATION**

Defendant Pedro Jesus Suarez-Aguilar respectfully objects to the

Report and Recommendation recommending that this Court deny his Motion

to Dismiss Indictment and for Immediate Release, Doc. 91, and proceed

under 18 U.S.C. § 4244. Doc. 98. These objections are filed under Federal

Rule of Criminal Procedure 59(b)(2) and 28 U.S.C. § 636(b)(1). The Court

must review *de novo* the portions of the Report and Recommendation to

which Mr. Suarez-Aguilar objects. Fed. R. Crim. P. 59(b)(3). 28 U.S.C.

§ 636(b)(1).

The defense objects to the Report and Recommendation's central legal

conclusion that § 4244 governs this case because it applies to a broader class

of persons than § 4241. Doc. 98 at 8, 11–14. That conclusion misreads the statutes. Section 4241 governs competency. Section 4244 governs the hospitalization of a convicted defendant who suffers from a mental disease or defect and needs custodial care or treatment in a suitable facility in lieu of ordinary imprisonment. The difference is not merely procedural. It is substantive. Section 4241 applies to incompetent defendants. Section 4244 applies to competent defendants who nevertheless need treatment.

Mr. Suarez-Aguilar is not simply a convicted defendant with a mental disease or defect. The Court proceeded under § 4241, found him incompetent, and committed him for competency restoration and evaluation. Doc. 51. The Bureau of Prisons then concluded that he remains incompetent and that there is no substantial probability that his competency can be restored in the foreseeable future. The BOP also screened him under § 4246 and determined that he does not meet the threshold for civil commitment. See Docs. 91, 96. Because this case concerns incompetency, § 4241 supplies the governing statutory framework.

**I. The plain language of the statute requires that § 4241, not § 4244 be applied to defendants found to be incompetent prior to sentencing.**

The text of § 4241 directly addresses this case. Section 4241 applies "[a]t any time after the commencement of a prosecution for an offense *and prior to the sentencing of the defendant*" when there is reasonable cause to believe that the defendant may be suffering from a mental disease or defect rendering him "mentally incompetent" because he is unable to understand the nature and consequences of the proceedings or assist properly in his defense. 18 U.S.C. § 4241(a) (emphasis added). That language expressly extends through the period before sentencing. It necessarily includes a defendant who has been found guilty but has not yet been sentenced.

Section 4244 uses different language and serves a different function. It applies after a defendant has been found guilty and before sentencing when there is reasonable cause to believe that the defendant "may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility." 18 U.S.C. § 4244(a). Unlike § 4241, § 4244 does not use the word "incompetent." In fact, § 4244 does not incorporate the competency standard and does not ask whether the defendant can understand the proceedings or assist counsel. Rather, § 4244 merely asks whether the defendant's mental disease or defect requires custodial treatment in a suitable facility.

That textual distinction should control. A mental disease or defect and legal incompetency are not the same thing. A defendant may suffer from a serious mental illness and remain competent. Section 4244 addresses that circumstance. Section 4241 addresses a different circumstance: a defendant suffering from a mental disease or defect to such an extent that the defendant is incapable of participating in the proceeding. *United States v. Morris*, 550 F. Supp. 2d 1290, 1294–95 (M.D. Ala. 2008); *United States v. Chaudhry*, 646 F. Supp. 2d 1140, 1145–47 (N.D. Cal. 2009); *United States v. Jensen*, 639 F.3d 802, 805–06 (8th Cir. 2011).

The Report and Recommendation concludes that § 4244 is broader because it applies to any convicted defendant with a mental disease or defect, including a defendant whose mental disease or defect renders him incompetent. Doc. 98 at 12. But that reading collapses the distinction Congress drew. If § 4244 applies whenever an incompetent defendant has already been found guilty, then § 4241's express application "prior to sentencing" loses much of its force. 18 U.S.C. § 4241(a). Congress did not limit § 4241 to the pretrial period. It made § 4241 available until sentencing. This Court should give effect to that choice.

The language of § 4244 also demonstrates that Congress did not intend for it to be applied to defendants found to be unrestorable under § 4241. Whereas § 4241 expressly contemplates defendants who cannot be brought to

competency, § 4244 assumes defendants will recover and proceed to a full sentencing, provided the provisional sentence has not expired. 18 U.S.C. § 4244(e). Subsection (e) of § 4244 requires the director of the facility caring for the defendant "shall promptly" notify the court that the defendant "when"—not "if"—the director determines the defendant has recovered "to such an extent that he is no longer in need of custody for care or treatment." If § 4244 was intended to come into play for defendants medical providers found unlikely to gain competency in the foreseeable future, it would not assume recovery.

Indeed, the language used in § 4244 describing its application to defendants "in need of custody for care and treatment," is further evidence that it was not intended to overlap with § 4241. Under § 4241, defendants whose mental conditions cannot be improved but whose release may be dangerous—in other words, defendants who are in need of custody—may be civilly committed pursuant to §§ 4246 or 4248. Section 4241 expressly references these civil commitment statutes without creating a carve out for defendants awaiting sentencing, or directing such defendants to § 4244 in lieu of those statutes. Rather, §§4246 and 4248 apply to all incompetent defendants who cannot be brought back to competence but who should remain in custody. If these defendants are found not to need civil commitment, it is difficult to say that they are in need of custody for care and

treatment under § 4244. Therefore, reading § 4244 as being applicable to defendants found incompetent and not restorable under § 4241 creates a tension between the two statues.

The more logical reading of §§ 4241 and 4244 is that the former applies to incompetent defendants whereas the latter applies to competent defendants who nonetheless suffer from a mental disease or defect that requires custody for care and treatment. *United States v. Rothman*, No. 1:08-cr-20895, at 6 (S.D. Fla. Nov. 18, 2010), Doc. 640 ("While § 4244 is concerned with convicted defendants who are found to be suffering from a mental disease or defect, § 4241 deals more specifically with defendants who, as a result of a mental disease or defect, are found to be incompetent to meaningfully participate in criminal proceedings."). This logical reading would give effect to the plain language of the statutes, which create separate procedures for those who are mentally incompetent and those who simply suffer from mental diseases or defects that do not rise to the level of incompetency.

For these reasons, Mr. Suarez-Aguilar objects to the Report and Recommendations conclusion that § 4244 can be applied to incompetent individuals, such as himself, who are awaiting sentencing. Doc. 98 at 11-14.

**II. Section 4244 should not be read to authorize sentencing proceedings for an incompetent defendant.**

The defense also objects to the Report and Recommendation's conclusion that § 4244 may be used here because a provisional sentence is not the same as a formal sentence. Doc. 98 at 14–18. Due process prohibits sentencing a defendant who is incompetent. *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005). That rule applies at sentencing because a defendant must be able to understand the proceeding, assist counsel, respond to the presentence report, raise objections, present mitigation, and meaningfully allocute.

Section 4244(d) provides that commitment under that provision "constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty." 18 U.S.C. § 4244(d). Even if provisional, that is still a sentencing mechanism. It fixes custody by reference to the offense of conviction and the statutory maximum. It is therefore materially different from the limited restoration process under § 4241.

The practical consequences here confirm why § 4241 is the proper statute. Mr. Suarez-Aguilar is 77 years old. The BOP has found that his dementia and cognitive decline leave no substantial probability of restoration in the foreseeable future. A provisional sentence under § 4244 would be for

the statutory maximum of forty years. For Mr. Suarez-Aguilar, that is a *de facto* life sentence. It would also be far more severe than the guideline range calculated by probation and the applicable mandatory minimum. See Doc. 96 at 2, 14–15. Holding Mr. Suarez-Aguilar in custody for 40 years because he is incompetent violates his right to due process. Such a result is not consistent with the statutory structure and cannot be what Congress intended.

*Jackson v. Indiana* holds that a defendant committed because of incompetency may not be held longer than the reasonable period necessary to determine whether there is a substantial probability that he will attain competency in the foreseeable future. 406 U.S. 715, 738 (1972). If restoration is not substantially probable, the government must pursue civil commitment or release. *Id*. Section 4241 implements that rule by directing unrestorable defendants to §§ 4246 and 4248. 18 U.S.C. § 4241(d). Here, § 4248 is inapplicable, and the BOP determined that Mr. Suarez-Aguilar does not meet the threshold for § 4246 commitment.

Mr. Suarez-Aguilar therefore objects to the Report and Recommendation's conclusion that a provisional sentence under § 4244 would not violate his right to due process. Doc. 98 at 14-18. Because Mr. Suarez-Aguilar has been found incompetent and unrestorable, § 4241 governs.

### III. The authorities cited in the Report and Recommendation do not require a different result.

The Report and Recommendation cites cases suggesting that § 4244 may apply to defendants found incompetent before sentencing. Doc. 98 at 13–14. But those cases do not bind this Court on the issue presented here, and several appear to assume § 4244's application without analyzing the statutory distinction between incompetency under § 4241 and treatment need under § 4244.

The better-reasoned authorities draw that distinction directly. *Morris* rejected the argument that § 4244 applied to a guilty-but-unsentenced defendant who was incompetent to proceed, holding instead that § 4241 governed. *Morris*, 550 F. Supp. 2d at 1294–95. *Chaudhry* similarly explained that § 4244 is useful for defendants who are competent but whose mental condition makes treatment preferable to imprisonment. *Chaudhry*, 646 F. Supp. 2d at 1146. *Jensen* recognized that § 4241 and § 4244 address different situations: competency to proceed on one hand, and the need for treatment in a suitable facility on the other. *Jensen*, 639 F.3d at 805–06.

Those cases give independent meaning to both statutes. *Rothman*, No. 1:08-cr-20895, at 6 (S.D. Fla. Nov. 18, 2010), Doc. 640.  Section 4241 applies when the issue is competency. Section 4244 applies when the issue is whether a competent convicted defendant should receive treatment in a

suitable facility instead of ordinary imprisonment. Mr. Suarez-Aguilar falls in the first category, not the second.

### IV. Conclusion

For these reasons, Mr. Suarez-Aguilar respectfully objects to the Report and Recommendation's conclusion that § 4244 governs this case. The statutory text, the structure of Chapter 313, and due process all point to § 4241. Mr. Suarez-Aguilar has been found incompetent, unrestorable, and not subject to civil commitment under § 4246. The Court should sustain these objections, reject the recommendation to proceed under § 4244, hold that § 4241 governs, and grant such further relief as is consistent with that ruling.

Respectfully submitted,

CHARLES L. PRITCHARD, JR.
FEDERAL PUBLIC DEFENDER

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Defender
Florida Bar No. 117534
400 North Tampa St. Suite 2700
Tampa, FL 33602
Telephone: (813) 228-2715
Facsimile: (813) 228-2562
Email: ryan_maguire@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of July 2026, a true copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to:

Jackson Boggs, AUSA

*/s/ Ryan J. Maguire*
Ryan J. Maguire
Assistant Federal Defender
